[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner here pled guilty to four separate charges and was sentenced under a plea agreement to twelve (12) years after six (6) with five (5) years probation. He had an exposure to up to forty-six (46) years. Petitioner had an extensive criminal record and was well versed in plea bargaining. Trial counsel was a very experienced criminal lawyer and tried his best to get a better deal to no avail.
Petitioner did not want to try the case and kept CT Page 20 insisting on a plea bargain. Petitioner was thoroughly canvassed on his plea. Now he claims ineffective assistance of counsel because his counsel did not take adequate notes and had not thoroughly investigated the case.
Trial counsel felt his memory was sufficient and petitioner could not demonstrate by a preponderance of the evidence that he was in any way prejudiced.
As far as the investigation, trial counsel stated that he had the state's entire file. He discussed this case extensively with the petitioner. If the case were tried he would have done more. He was satisfied that the state's case was not perfect but it was good enough to convict.
Many leads given by the petitioner were dead ends. Trial counsel said he did not talk to friendly witnesses until ready to start trial.
He could not find one of the victims and one would not talk to his investigator. There was no evidence that anything that he failed to do would have changed the outcome. He at all times was prepared to try the case. He did not coerce the plea, he merely acquiesced in a reasonable plea agreement. Petitioner even with the benefit of hindsight can only speculate, to another outcome.
By any of the standards of Strickland v. Washington,446 U.S. 668 (1984). Meyers v. Manson, 192 Conn. 383 (1984); State v. Talton, 197 Conn. 280 (1985) ineffectiveness cannot be proven.
DUNN, J.